Yongmoon Kim, Esq.
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

Ronald I. LeVine, Esq.
Email: ron@ronlevinelaw.com
Eileen L. Linarducci, Esq.
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNNY T. RENO, *on behalf of himself and those similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONWIDE CREDIT, INC.; and JOHN DOES 1 to 10, <br><br> Defendants. | Civil Action No. <br><br><br> **CLASS ACTION COMPLAINT** |

Plaintiff, Johnny T. Reno, by way of Class Action Complaint against Defendant

Nationwide Credit, Inc. (and John Does 1 to 10) states:

## I.   NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendant's violations of

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendant violated the FDCPA against Plaintiff

and other New Jersey consumers by misrepresenting the identity of the current creditor.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district.

## III.   PARTIES

5. Plaintiff Johnny T. Reno ("Reno") is a natural person residing in Hudson County, New Jersey.

6. Defendant Nationwide Credit, Inc. ("NCI") is a foreign corporation with its principal place of address located at 500 Virginia Drive, Suite 514B, Ft. Washington, Pennsylvania 19034.

7. The Plaintiff is informed and believes, and on that basis allege, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

8. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.   FACTS

A. Background

9. Defendants are not in the business of extending credit, selling goods or services to

consumers.

10. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

11. The principal purpose of Defendant is the collection of debts.

12. When attempting to collect debts, Defendant uses the mails, telephone, the internet and other instruments of interstate commerce.

13. Defendant has asserted that Plaintiff incurred or owed one or more financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

14. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

15. The Debt alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

16. Defendant contends that the Account was past-due and in default.

17. Defendant is a debt collector.

18. The Account was assigned to Defendant for collecting the Debt.

19. The Account was past-due and in default when it was placed with or assigned to Defendant for collection.

**B. Violations of the FDCPA**

20. In attempts to collect the debt allegedly owed by Reno, Defendant mailed a collection letter on November 28, 2019. A true but redacted copy of the collection letter is attached as *Exhibit A*.

21. Plaintiff received and reviewed the collection letter.

22. The collection letter states that the "Original Creditor" was "JPMORGAN CHASE BANK, N.A." but does not identify the name of the current creditor to whom the debt is owed.

23. The collection letter identifies two different parties (Nationwide Credit, Inc. and JPMorgan Chase Bank, N.A.) but does not specify the current owner of the debt.

24. The letter demands payment be paid to NCI but the collection letter fails to explain whether JPMorgan Chase Bank, N.A. or NCI is the actual owner.

25. In fact, NCI states that the "Original Creditor" was JPMorgan Chase Bank, N.A., which could be understood that JPMorgan Chase Bank is not the current creditor because it had assigned the debt.

26. The collection letter leaves the least sophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

27. Defendant's failure to identify the current creditor is deceptive and misleading, which is in violation of the FDCPA.

28. Therefore, the collection letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendant's attempt to collect a debt.

29. Defendant engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692g, 1692g(a)(1) and 1692g(a)(2).

30. Defendant used the same procedures that they employed in sending the collection letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V. CLASS ACTION ALLEGATIONS

31. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with an address in the State of New Jersey to whom, beginning November 28, 2019, through the present, Defendant sent a written communication in the same or similar form as Exhibit A.

32. Based on discovery and further investigation (including, but not limited to, Defendant's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the collection letters.

33. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

34. The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

35. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

    A.    Whether Defendant is a debt collector under the FDCPA;

   B. Whether Defendant violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, 1692g, 1692g(a)(1), and 1692g(a)(2); and

   C. Whether Plaintiff and the class are entitled to damages.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  The FDCPA statutory scheme provides for statutory damages payable to each class member.  A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

37. The claims of the Plaintiff are typical of the claims of the members of the class.

38. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

39. Plaintiff does not have interests antagonistic to those of the class.

40. The class, of which Plaintiff is a member, is readily identifiable.

41. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

42. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not

parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

43. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. VIOLATIONS OF THE FDCPA

44. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

45. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

46. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

47. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

48. Defendant is not a "creditor" as defined by 15 U.S.C. § 1692a(4).

49. The collection letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

50. Defendant violated the FDCPA, including but not limited to the following:

    a. Defendant used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e (including 15 U.S.C. §§ 1692e(2)(A), 1692e(10));

    b. Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f;

    c. Defendant failed to state the name of the creditor to whom the debts are owed, in violation of 15 U.S.C. §§ 1692g and 1692g(a)(2).

51. The violations of the FDCPA described herein constitute *per se* violations.

52. Based on any one or more of those violations, Defendant is liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Johnny T. Reno demands judgment against Defendant Nationwide Credit, Inc. as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC and The Law Office of Ronald I. LeVine, Esq. as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorneys' fees and costs causes Plaintiff or the Class a negative tax consequence;

E. For attorneys' fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

Dated: November 30, 2020

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff*