<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

September 27, 2021

Philip Stern, Esq.
Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Ave., Ste. 701
Hackensack, NJ 07601
*Attorneys for Plaintiff*

Aaron Easley, Esq.
Sessions, Israel & Shartle, LLC
3 Cross Creek Dr.
Flemington, NJ 08822
*Attorney for Defendant*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:**   *Reno v. Nationwide Credit, Inc. et al.*,
    **Civil Action No. 20-17538 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Nationwide Credit, Inc.'s ("NCI" or "Defendant") Motion to Dismiss Johnny Reno's ("Plaintiff") amended class action complaint (D.E. 6 ("Am. Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1331 and 1391, respectively. This letter opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's motion is **GRANTED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a New Jersey resident bringing a claim for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of himself and others similarly situated. (Am. Compl. ¶¶ 5, 32–53.) Plaintiff's claim arises from a letter that Defendant, a Pennsylvania-based debt collector, mailed to him on November 28, 2019, to collect a debt. (*See id.* ¶¶ 6–20, Ex. A. ("Letter").) In pertinent part, the Letter identified the "Original Creditor" as "JPMORGAN CHASE BANK, N.A." ("Chase") but did not identify a "current creditor." (*Id.* ¶ 21.) The Letter also offered to resolve the $756.81 debt for $151.36, with the

caveat that "NCI is not obligated to renew this offer." (*See id.* ¶¶ 28–29, Ex. A.) Plaintiff contends that the Letter was deceptive and misleading, in violation of the FDCPA, because it did not identify the "current creditor" and because, according to Plaintiff, Defendant was obligated to renew the settlement offer. (*See id.* ¶¶ 25–27, 30.)

Plaintiff filed this suit on November 30, 2020, and Defendant moved to dismiss the class action complaint on February 1, 2021. (D.E. 1, 4.) Instead of opposing the motion, Plaintiff filed an amended class action complaint pursuant to Rule 15(a)(1)(B), mooting the original complaint. (D.E. 6.) The amended complaint added allegations regarding Defendant's settlement offer. (Am. Compl. ¶¶ 28–30; *see* D.E. 13 at 2–3.) Defendant subsequently filed the instant motion to dismiss, and the parties timely completed briefing. (D.E. 9, 13, 14.) Defendant filed a notice of supplemental authority on July 29, 2021. (D.E. 15.)

## II. <u>LEGAL STANDARD</u>

An adequate complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard).

## III. <u>DISCUSSION</u>

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to [e]nsure that debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [statute] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted).

Here, the parties dispute whether Plaintiff has sufficiently alleged that Defendant violated a provision of the FDCPA in attempting to collect the debt. At issue are Defendant's failure to identify the "current creditor" in the Letter and Defendant's statement that it was "not obligated

to renew [the settlement] offer." (Am. Compl. ¶¶ 21–30.) Plaintiff claims that Defendant's actions violated 15 U.S.C. § 1692e, which prohibits using "any false, deceptive, or misleading representation" to collect a debt, and 15 U.S.C. § 1692f, which prohibits using any "unfair or unconscionable means to collect" a debt. (Am. Compl. ¶ 51.)[1] In moving to dismiss, Defendant argues that Plaintiff's claim fails as a matter of law because the Letter was not misleading, let alone materially misleading, in a manner that violated the FDCPA. (*See* D.E. 9-1 at 8–18; D.E. 14 at 3–15.) This Court will evaluate the sufficiency of Plaintiff's allegations in turn.

A.

Plaintiff first alleges that the Letter violated the FDCPA because it identified the "Original Creditor" as Chase but did not identify a "current creditor." (Am. Compl. ¶¶ 21–27.) Plaintiff alleges that the identification of the original creditor, coupled with the omission of a current creditor, created the deceptive impression that Chase had sold the debt. (*See id.*; D.E. 13 at 15–21.) Notably, under 15 U.S.C. § 1692g(a)(2), a debt collector is required to identify the current creditor only in its initial communication to a consumer, and Plaintiff does not allege that the Letter was Defendant's initial communication to him. However, according to Plaintiff, even if the Letter complied with § 1692g, the omission of a current creditor was deceptive and unfair in violation of §§ 1692e and 1692f. (*See* D.E. 13 at 15.) Plaintiff contends that, to "effectively convey the name of the creditor to whom the debt is owed," Defendant should have also identified Chase as the "current creditor" or only identified Chase as the "creditor." (*Id.* at 20; *see id.* at 15–16.)

Courts analyzing FDCPA claims apply a "least sophisticated debtor" standard which is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006) (quotation omitted). However, a debtor cannot adopt "bizarre or idiosyncratic interpretations of collection notices," as the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000) (quotation omitted). "Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.*, Civ. No. 07–5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008) (citations omitted).

While this Court agrees that the Letter could have been drafted more clearly, the identification of Chase as the "Original Creditor" would not mislead the least sophisticated debtor unless he adopted an idiosyncratic interpretation. The Letter mentions only two entities: NCI, which it identifies as a debt collector, and Chase, which it identifies as the original creditor. (*See* Am. Compl. at Ex. A.) The Letter does not mention a "current creditor," and assuming that the debt had been sold to an unnamed party would be a leap. A similar leap was rejected as "idiosyncratic" by a court in the Eastern District of New York, which reasoned that:

---

[1] With respect to 15 U.S.C. § 1692e, the Amended Complaint specifically cites to subsections (2)(A) and (10), which respectively prohibit "[t]he false representation of[] the character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." (Am. Compl. ¶ 51); 15 U.S.C. §§ 1692e(2)(A) and (10).

> [W]hile the Collection Letter does identify Barclay[s] Bank Delaware as the *source* of his debt, it does not identify the current *owner* of the debt. But the [least sophisticated consumer] would understand that Barclays Bank Delaware is both the source and the current owner of the debt. The only other entity mentioned in the letter is [the defendant], which is clearly defined as debt collector and "as attorneys." There is no indication in the letter that the debt has been sold, transferred, or assigned to another, unnamed entity. Plaintiff's view that the debt may have been sold to another party not mentioned in the collection letter is an idiosyncratic interpretation that goes beyond the text of the letter. [The least sophisticated consumer] is not likely to make such a leap.

*Lugo v. Forster & Garbus, LLP*, Civ. No. 19-1435, 2019 WL 5303957, at *3 (E.D.N.Y. Oct. 21, 2019) (internal citations omitted) (granting defendant's motion for judgment on the pleadings where collection letter's subject line stated "Re: Barclays Bank Delaware"); *see also Smith v. Simm Assocs., Inc.*, 926 F.3d 377, 380–81 (7th Cir. 2019) (holding that there was no doubt as to who owned the debt where the collection letter identified an entity as the "original creditor" but did not name another potential creditor). Because the identification of Chase as the "Original Creditor" would not mislead the least sophisticated consumer into believing that Chase had sold the debt to an unnamed party, this Court will grant Defendant's motion on this basis.[2, 3, 4]

B.

Next, Plaintiff claims that Defendant's statement that it was "not obligated to renew [the settlement] offer" was false. (Am. Compl. ¶¶ 29–30.) The Amended Complaint offers no support for this conclusory allegation except "information and belief." (*Id.* ¶ 30.) While "pleading upon information and belief is permissible 'where it can be shown that the requisite

---

[2] Plaintiff's reliance on *Steffek v. Client Servs., Inc.*, 948 F.3d 761, 765 (7th Cir. 2020), is not persuasive. (*See* D.E. 13 at 20–21). The collection letter in that case expressly raised the possibility that the debt had been resold by stating, "If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." *Steffek*, 948 F.3d at 764–65. Defendant's Letter did not similarly raise the possibility of sale, transfer, or assignment of the debt.

[3] Even if the Letter was misleading, it was not materially misleading, and the FDCPA imposes liability only where a misleading communication was "material." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015) (holding that a "false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor"). The Letter was clear that the debt originated with Chase and that repayment was due to Defendant. Plaintiff's allegation that the Letter "leaves the least sophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate," (Am. Compl. ¶ 25), is therefore unfounded.

[4] Although this Court primarily analyzed whether the Letter was "deceptive" or "misleading" under § 1692e, Plaintiff's claim will also be dismissed to the extent that he alleges a violation of § 1692f. Section 1692f prohibits a debt collector "from using unfair or unconscionable means to collect a debt" and "is considered to be a catch-all provision for conduct that is unfair but is not specifically identified in any other section of the FDCPA." *Rush v. Portfolio Recovery Assocs., LLC*, 977 F. Supp. 2d 414, 431–32 (D.N.J. 2013) (citation omitted). "Courts have therefore determined that § 1692f cannot be the basis of a separate claim for complained of conduct that is already explicitly addressed by other sections of the FDCPA, . . . and routinely dismiss § 1692f claims when a plaintiff does not identify any misconduct beyond that which he asserts violates other provisions of the FDCPA." *Id.* (punctuation and citations omitted). Here, the Amended Complaint does not identify any alleged misconduct beyond that which Plaintiff asserts violated § 1692e. Nor do the complained-of statements, which were literally true, constitute "unfair or unconscionable means" to collect a debt. This portion of the claim will therefore also be dismissed.

factual information is peculiarly within the defendant's knowledge or control,'" this is only "so long as there are no 'boilerplate and conclusory allegations' and 'plaintiffs accompany their legal theory with factual allegations that make their theoretically viable claim plausible.'" *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267–68 (3d Cir. 2016) (brackets, punctuation, and emphasis omitted) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002)). Plaintiff offers no factual allegations here to make the theoretically viable claim plausible, and the only support to be found is a statement from Plaintiff's counsel in his opposition brief that it is common practice in his experience for a creditor to "provide[] the collector with blanket authority to accept a settlement which meet[s] certain terms." (D.E. 13 at 22.) "Counsel recalls one particular case," which he does not identify, in which "the collector was instructed to accept a settlement offer which was for at least 50% of the debt." (*Id.*)

However, a motion to dismiss is resolved on allegations in the complaint, not arguments made (or anecdotes shared) in an opposition brief. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (brackets and quotation omitted)). Even if this Court credited counsel's past experience, an unnamed debt collector's authorization to accept a settlement offer does not support an allegation that Defendant was obligated to renew its settlement offer. *See Skvarla v. MRS BPO, LLC*, Civ. No. 21-55, 2021 WL 2941118, at *3 (S.D.N.Y. July 12, 2021) ("It is true that debt collectors frequently renew their offers if the consumer fails to accept the initial offer. However, this is not the same as [defendant] having an obligation to renew the offer." (internal citation and punctuation omitted)). Although Plaintiff offers to "withdraw his claim" based on what "discovery reveals," (D.E. 13 at 23), this is essentially a request to go on a fishing expedition in the hope that he will find some basis to support his claim, which at this stage has no factual foundation. This Court will not countenance such an expedition and the claim will be dismissed.[5]

### IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Leda D. Wettre, U.S.M.J.

---

[5] For the avoidance of doubt, this Court notes that a second amended complaint cannot revive this claim. Beyond the pleading deficiencies, "not obligated to renew this offer" is verbatim "safe harbor" language that the Seventh Circuit and other courts around the country, including in this district, have found to be a reasonable means to preserve the settlement process while also ensuring that consumers are not deceived about the likelihood of future offers. *See, e.g.*, *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 775–76 (7th Cir. 2007); *O'Neill v. Northland Grp., Inc.*, Civ. No. 16-4266, 2017 WL 1758060, at *2–3 (D.N.J. May 4, 2017); *Skvarla*, 2021 WL 2941118, at *2–3.